Brock White
The Law Offices of Brock A. White
801 Congress Street, Suite 350
Phone: (713) 225-0240
Fax:    (713) 224-3111
SDTN: 575565
Attorney for Plaintiff

2006 JUN 27 PM 4:34

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

DORSEY W. MCCULLOUGH )
    PLAINTIFF )
 )
vs. )
 )
AMERICAN GENERAL INSURNACE COMPANY, INC., )
AFRICAN METHODIST EPISCOPAL CHURCH, INC., )
JEROME V. HARRIS, PHILLIP ROBERT COUSIN SR., )
JOHN R. BRYANT, AND BOOKER T. GUYTON )
    DEFENDANTS )

No. **3  06  0732**

COMPLAINT

**JUDGE WISEMAN**

TO THE HONORABLE COURT:

Dorsey McCullough, plaintiff, complains of Jerome V. Harris, Phillip Robert Cousin Sr., John R. Bryant, Booker T. Guyton, American General Insurance Company and African Methodist Episcopal Church Inc., AMEC, defendants, and for cause of action shows:

I

I. Parties and Service of Citation

Plaintiff is a citizen of the State of California, defendants Jerome V. Harris and Phillip Robert Cousin Sr. are both individuals and citizens of the State of Tennessee who may be served at their business address of 280 Hernando Street Memphis, Tennessee 38126, defendant John R. Bryant is an individual and citizen of the State of California who may be served at his business address of 1968 West Adams Blvd. # 400 Los Angeles, California 90018, defendant Booker T. Guyton is an individual and citizen of the State of California who may be served at his business address of 148 West Eighth Street Stockton, California 95206, defendant American General Insurance Company is a corporation incorporated under the laws of the State of Texas having its principal place of business in a State other than the State of California. Defendant American General Insurance Company Inc. has a registered agent in the state of Tennessee and service may be executed by serving State of Tennessee Department of Commerce and Insurance at 500 James Robertson Parkway Nashville, Tennessee 37243-1131. African Methodist Episcopal Church, AMEC, is a corporation incorporated under the laws of the State of Pennsylvania having its principal place of business in a State other than the State of California. Defendant American General Insurance Company Inc. does not have a registered agent in the state of Tennessee and thus service may be executed by serving any agent for African Methodist Episcopal Church, AMEC, located at 3801 Market Street, Suite 300 Philadelphia, Pennsylvania 19104

2 Jurisdiction and Venue

This is a civil action seeking damages and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28(I) U S C § 1332 This Court has jurisdiction under 28 U S C § 1332(a) This Court has personal Jurisdiction over the defendants, and venue in this district is proper under 28 U.S.C § 1391 (a) (2) because a substantial part of the events or omissions giving rise to this claim occurred within this district and a substantial part of the property at issue is situated within this district. Jurisdiction over defendants John R. Bryant and Booker T. Guyton is ancillary to this case.

II.

## Facts

3.      On or about July 15, 2005 after thirty-five years of faithful service plaintiff, Dorsey W. McCullough, began to inquire about the balance of his annuity account with the African Methodist Episcopal Church, AMEC, due to the fact he was contemplating retirement After inquiring about his annuity account balance Dorsey McCullough was informed on July 26, 2005 by Jerome Harris the executive director of the AMEC Department of Annuity Investments and Insurance that on August 9, 1999 a request was made for a withdrawal from the annuity account of Dorsey McCullough, plaintiff Mr. Harris also informed plaintiff, Dorsey McCullough, that American General Insurance Company check number 0001251120 (attached as Exhibit # 1) in the amount of $ 20, 642 71 had been disbursed as a result of the request on August 9, 1999 In response to this correspondence from Mr Harris plaintiff, Dorsey McCullough, informed Mr Harris by a correspondence of his own that he had never made any request for disbursement of his annuity account and that he wanted to know what happened to his funds After plaintiff, Dorsey McCullough, learned of his balance on his annuity account he received check number 2928 (attached as Exhibit # 2) on August 4, 2005 in the amount of six hundred and fifty dollars ($650 00) and check number 2934 (attached as Exhibit # 3) in the amount of five hundred and fifty dollars ($550.00) Plaintiff was informed by defendant Booker T Guyton that checks number 2928 and 2934 were the contributions to plaintiff's annuity account from the annual and mid-year conference which should have been placed into the annuity account of plaintiff. Plaintiff forwarded this information to the AMEC Department of Annuity Investments and Insurance but received no response from that office or Jerome Harris the executive director of that office. Next, plaintiff contacted American General Insurance Companies to see what further information they may have concerning the disbursement of his annuity funds Upon contacting the American General Insurance Companies office plaintiff spoke with Mary Woolridge on August 16, 2005 and she informed plaintiff that his annuity account funds were received by Anderson Todd on behalf of David McCullough, who had been deceased since 1992 After receiving this information from Ms. Woolridge plaintiff again contacted Jerome Harris the executive director of the AMEC Department of Annuity Investments and Insurance and informed him of his findings. On August 17, 2005 plaintiff, Dorsey McCullough, spoke with Mr. Odysseus Clark of the annuity administration of the American General Insurance Company and plaintiff was informed that a check had been made to David McCullough under a different social security number. On August 19, 2005 Mr. Odysseus Clark forwarded a copy of the check made out to Anderson Todd as trustee in c/o David McCullough and the AME church signed by both Mr. Anderson Todd and David McCullough (attached as Exhibit # 1). Upon receiving this information and a copy of the check from Mr. Odysseus Clark plaintiff again contacted the AMEC Department of Annuity Investments and Insurance and spoke with Sharon Brooks and requested the statements of payments on the annuity account of plaintiff, Dorsey McCullough, since the inception of the annuity program under Dr. Harris. Plaintiff received no response from the AMEC Department of Annuity Investments and Insurance and was told to contact the office of his bishop John R.

Bryant. Plaintiff next called American General Insurance Company and requested a copy of the completed Request for Contributions which lead to the disbursal of check number 0001251120 from plaintiffs annuity account. As of June 9, 2006 the statements of payments have not been forwarded by the AMEC Department of Annuity Investments and Insurance and plaintiff has also not received the request for contributions from the office of American General Insurance Companies. Finally, on October 19, 2005 plaintiff received a check (attached as Exhibit # 4) from Booker T. Guyton in the amount of fifty-three dollars from the personal account of Mr. Guyton. Upon disbursement it was explained to plaintiff that this check represented the interest on the annuity account. All actions or transactions with the annuity account of plaintiff occurred in Nashville, Tennessee.

III.

## Count I Negligence

4.     Jerome V. Harris as the executive director of the AMEC Department of Annuity Investments and Insurance owed a legal duty to plaintiff to exercise reasonable care in the maintenance of the annuity account of plaintiff, Dorsey McCullough. All actions or transactions with the annuity account of plaintiff occurred in Nashville, Tennessee. Mr. Harris' duties as the executive director of the AMEC Department of Annuity Investments and Insurance are to 1) maintain the accounts of all annuitants, 2) monitor the annual, mid-year, and interest on annuity contributions made to all annuitant accounts to ensure the accuracy of said contributions, 3) keep adequate records of all contributions and disbursements on annuitant accounts and 4) keep all annuitants well informed of their annuity account balance. It was foreseeable at all times during the course of Mr. Harris' supervision of the AMEC Department of Annuity Investments and Insurance that his actions could cause injury to plaintiff due to his failure to uphold his duties owed to the plaintiff, Dorsey McCullough, based upon his position as the executive director of said annuity program. Jerome Harris breached his duties owed to plaintiff by 1) Allowing Mr. Anderson Todd to make a request for disbursement of funds from the annuity account of plaintiff, Dorsey McCullough as evidenced by Exhibit # 1 in which a request was made for a withdrawal in the name of an individual who had been deceased since 1992 2) Jerome Harris and the AMEC Department of Annuity Investments and Insurance could not present the statements of payments on the annuity account of plaintiff, Dorsey McCullough, upon request (3) Not keeping plaintiff, Dorsey McCullough, well informed of his annuity account balance, and (4) Jerome Harris as the executive director of the AMEC Department of Annuity Investments and Insurance did not adequately monitor the contributions, disbursements and accrued interest on plaintiff's annuity account. As the direct and proximate result of Jerome Harris' conduct in not adequately monitoring the annuity account of plaintiff, not keeping sufficient records of all contributions and disbursements on the annuity account of plaintiff, Dorsey McCullough, and by not keeping plaintiff, Dorsey McCullough, well informed of his annuity account balance, all in breach of the duty owed by Jerome Harris to Dorsey McCullough, plaintiff, and to all other members of the AMEC Department of Annuity Investments and Insurance program, Jerome Harris failed to maintain adequate records of the transactions involved with the annuity account of plaintiff, failed to monitor the annuity account of plaintiff, Dorsey McCullough, contributions, disbursements, and accrued interest, and he also failed to keep plaintiff, Dorsey McCullough, well informed of his annuity account balance. As a result of the actions of Jerome Harris plaintiff has lost his annuity account funds which foreseeably and proximately caused grievous harm and other damage to plaintiff, Dorsey McCullough, as set forth in Paragraphs 81 thru 84 below.

5     Phillip Robert Cousin Sr. as the presiding bishop of the AMEC Department of Annuity Investments and Insurance owed a legal duty to plaintiff to exercise reasonable care in monitoring

the maintenance of the annuity account of plaintiff, Dorsey McCullough. All actions or transactions with the annuity account of plaintiff occurred in Nashville, Tennessee. Mr Cousin's duties as the presiding bishop of the AMEC Department of Annuity Investments and Insurance are to 1) Monitor the AMEC Department of Annuity Investments and Insurance and assure the maintenance of the accounts of all annuitants, 2) monitor the annual, mid-year, and interest on annuity contributions made to all annuitant accounts to assure the accuracy of said contributions, 3) assure that the AMEC Department of Annuity Investments and Insurance is keeping adequate records of all contributions and disbursements on annuitant accounts and review such records for accuracy and 4) monitor the efforts of the AMEC Department of Annuity Investments and Insurance in keeping all annuitants well informed of their annuity account balance. It was foreseeable at all times during the course of Mr Cousin's supervision of the AMEC Department of Annuity Investments and Insurance that his actions could cause injury to plaintiff due to his failure to uphold his legal duties owed to the plaintiff due to his position as the presiding bishop of said annuity program. Phillip Robert Cousin Sr. breached his duties owed to plaintiff by 1) Allowing Mr Anderson Todd to make a request for disbursement of funds from the annuity account of plaintiff, Dorsey McCullough as evidenced by Exhibit # 1 in which a request was made for a withdrawal in the name of an individual who had been deceased since 1992 2) Phillip R. Cousin and the AMEC Department of Annuity Investments and Insurance could not present the statements of payments on the annuity account of plaintiff, Dorsey McCullough, upon request (3) Not keeping plaintiff, Dorsey McCullough, well informed of his annuity account balance, and (4) Phillip R. Cousin as the presiding bishop of the AMEC Department of Annuity Investments and Insurance did not adequately monitor the contributions, disbursements and accrued interest on plaintiff's annuity account. As the direct and proximate result of Phillip Cousin's conduct in not adequately monitoring the AMEC Department of Annuity Investments and Insurance and thus the annuity account of plaintiff, not assuring that the AMEC Department of Annuity Investments and Insurance was keeping sufficient records of all contributions and disbursements on the annuity account of plaintiff, Dorsey McCullough, and by not monitoring the efforts of the AMEC Department of Annuity Investments and Insurance to keep plaintiff, Dorsey McCullough, well informed of his annuity account balance, all in breach of the duties owed by Phillip Cousin to Dorsey McCullough, plaintiff, and to all other members of the AMEC Department of Annuity Investments and Insurance program, Phillip Cousin failed to monitor the maintenance of adequate records of the transactions involved with the annuity account of plaintiff, Dorsey McCullough, he failed to monitor the contributions, disbursements, and accrued interest on the plaintiffs annuity account, and he also failed to monitor or assure that plaintiff, Dorsey McCullough, was well informed of his annuity account balance. As a result of the actions of Phillip Cousin plaintiff has lost his annuity account funds, which foreseeably and proximately caused grievous harm and other damage to plaintiff, Dorsey McCullough, as set forth in Paragraphs 81 thru 84 below.

6       John R. Bryant as the presiding bishop of the Oakland/San Joaquin District owed a duty to plaintiff to exercise reasonable care in monitoring the maintenance of the annuity account of plaintiff, Dorsey McCullough. All actions or transactions with the annuity account of plaintiff occurred in Nashville, Tennessee. Mr. Bryant's duties as the presiding bishop of the Oakland/San Joaquin District are to 1) monitor the annual, mid-year, and interest on annuity contributions made to the annuity accounts of annuitants within his jurisdiction including plaintiff, Dorsey McCullough, to ensure the accuracy of said contributions, 2) maintain records of all contributions and disbursements on the annuity accounts of annuitants within his jurisdiction 3) keep all annuitants of his jurisdiction well informed of their annuity account balance. It was foreseeable at all times during the course of Mr. Bryant's supervision of the Oakland/San Joaquin District that his actions could cause injury to plaintiff due to his failure to uphold his duties owed to the plaintiff, Dorsey McCullough, and his position as the presiding or supervising bishop of the Oakland/San Joaquin district. John R. Bryant breached his duties owed to plaintiff by 1) John R.

Bryant and the Oakland/ San Joaquin district administrative offices could not present the statements of payments on the annuity account of plaintiff, Dorsey McCullough, upon request (2) Not keeping plaintiff, Dorsey McCullough, well informed of his annuity account balance, and (3) John R Bryant as the presiding bishop of the Oakland/San Joaquin district did not adequately monitor the contributions, disbursements and accrued interest on plaintiff's annuity account. As the direct and proximate result of John R Bryant's conduct in not monitoring the annual, mid-year, and interest on annuity contributions made to the annuity account of plaintiff to ensure the accuracy of said contributions, not keeping sufficient records of all contributions and disbursements on the annuity account of plaintiff, Dorsey McCullough, and by not keeping plaintiff, Dorsey McCullough, well informed of his annuity account balance, all in breach of the duty owed by John R Bryant to Dorsey McCullough, plaintiff, John R Bryant has failed to maintain or monitor the maintenance of adequate records of the transactions involved with the annuity account of plaintiff, Dorsey McCullough, failed to keep plaintiff, Dorsey McCullough, well informed of his annuity account balance, and he also did not adequately monitor the contributions, disbursements and accrued interest on plaintiff's annuity account As a result of the actions of John R Bryant plaintiff has lost his annuity account funds, which foreseeably and proximately caused grievous harm and other damage to plaintiff, Dorsey McCullough, as set forth in Paragraphs 81 thru 84 below

7       Booker T Guyton as the presiding elder of the Oakland/San Joaquin District owed a duty to plaintiff to exercise reasonable care in monitoring the maintenance of the annuity account of plaintiff, Dorsey McCullough. All actions or transactions with the annuity account of plaintiff occurred in Nashville, Tennessee Mr Guyton's duties as the presiding elder of the Oakland/San Joaquin District are to 1) monitor the annual, mid-year, and interest on annuity contributions made to the annuity accounts of annuitants within his jurisdiction including plaintiff, Dorsey McCullough, to ensure the accuracy of said contributions, 2) maintain records of all contributions and disbursements on the annuity accounts of annuitants within his jurisdiction 3) keep all annuitants of his jurisdiction well informed of their annuity account balance. It was foreseeable at all times during the course of Mr. Guyton's supervision of the Oakland/San Joaquin District that his actions could cause injury to plaintiff due to his failure to uphold his duties owed to the plaintiff, Dorsey McCullough, and his position as presiding elder Booker T Guyton breached his duties owed to plaintiff by 1) Booker T Guyton and the Oakland/ San Joaquin district administrative offices could not present the statements of payments on the annuity account of plaintiff, Dorsey McCullough, upon request (2) Not keeping plaintiff, Dorsey McCullough, well informed of his annuity account balance, and (3) Booker T Guyton as the presiding elder of the Oakland/San Joaquin district did not adequately monitor the contributions, disbursements and accrued interest on plaintiff's annuity account. As the direct and proximate result of Booker T Guyton's conduct in not monitoring the annual, mid-year, and interest on annuity contributions .made to the annuity account of plaintiff to ensure the accuracy of said contributions, not keeping sufficient records of all contributions and disbursements on the annuity account of plaintiff, Dorsey McCullough, and by not keeping plaintiff, Dorsey McCullough, well informed of his annuity account balance, all in breach of the duty owed by Booker T Guyton to Dorsey McCullough, plaintiff, Booker T Guyton has failed to maintain or monitor the maintenance of adequate records of the transactions involved with the annuity account of plaintiff, Dorsey McCullough, failed to keep plaintiff, Dorsey McCullough, well informed of his annuity account balance, and he did not adequately monitor the contributions, disbursements and accrued interest on plaintiff's annuity account As a result of the actions of Booker T Guyton plaintiff has lost his annuity account funds, which foreseeably and proximately caused grievous harm and other damage to plaintiff, Dorsey McCullough, as set forth in Paragraphs 81 thru 84 below

8.     American General Insurance Company owed the following legal duties to plaintiff 1) Exercise reasonable care in the disbursal of annuity funds, and (2) Exercise reasonable care in the maintenance of adequate records of all disbursements and transactions of annuitant funds. All actions or transactions with the annuity account of plaintiff occurred in Nashville, Tennessee. It was foreseeable at all times during the course of American General Insurance Company's disbursal and investigation of the disbursal of plaintiff's funds that their actions could cause injury to plaintiff due to their failure to uphold their duties owed to the plaintiff, Dorsey McCullough. American General Insurance Company breached the duties in which they owed to plaintiff by 1) Disbursing a check in the name of David McCullough, an individual who became deceased in 1992, or allowing an employee to disburse such check on the plaintiff's annuity account despite the fact that plaintiffs name is Dorsey McCullough and the individual making the request, Anderson Todd, used a different social security number than that of plaintiff and 2) Not being able to present the completed request for contributions which lead to the disbursal of check number 0001251120 from plaintiff's annuity account upon the request of plaintiff, Dorsey McCullough. As the direct and proximate result of American General Insurance Company's conduct in 1) Not exercising reasonable care in the disbursal of annuity funds, and (2) Not exercising reasonable care in the maintenance of adequate records of all disbursements and transactions of annuitant funds, all in breach of the duty owed by American General Insurance Company to plaintiff and to all other clients of American General Insurance Company, causing plaintiff to lose his annuity account funds, which foreseeably and proximately caused grievous harm and other damage to plaintiff, Dorsey McCullough, as set forth in Paragraphs 81 thru 84 below.

## Count II Conversion

9.     On or about July 26, 2005 plaintiff, Dorsey McCullough, had an immediate right to the possession of the funds from his annuity account with the AMEC Department of Annuity Investments and Insurance in that plaintiff was an annuitant at that time with the right to request the disbursal of funds from his personal annuity account at any point in which the plaintiff would like to choose.

10.     On or about July 26, 2005, in the City of Nashville, Tennessee Jerome Harris an employee, executive director, of the AMEC Department of Annuity Investments and Insurance unlawfully and without authority assumed dominion and control over plaintiff's property, which is described in Paragraph IX above, to the exclusion of or inconsistent with plaintiff's rights in this property in that Jerome Harris as the executive director of the AMEC Department of Annuity Investments and Insurance failed to make appropriate contributions to the annuity account of plaintiff, Dorsey McCullough as evidenced by Exhibit # 5 in which defendant, Jerome V Harris, indicated that plaintiff's annuity account balance was $ 1,518 95 as of March 31, 2005 Defendant's failure to make adequate contributions to the annuity account of plaintiff, Dorsey McCullough, is also evidenced in Exhibits #2 and #3 which were checks given to plaintiff in his hand by defendant Booker T Guyton Defendant Guyton informed plaintiff on August 4, 2005 that Exhibit #2, check # 2928 in the amount of $ 650 00, was the annual conference contribution to the annuity account of plaintiff. On August 6, 2005 Defendant Guyton presented plaintiff with Exhibit #3, check # 2934 in the amount of $ 550 00, and informed plaintiff this was his mid year contribution to his annuity account. Finally, on October 19, 2005 defendant Booker T Guyton presented a check in the amount of $ 53 00, attached as Exhibit # 4, drawn off of the personal account of defendant Guyton to plaintiff as the interest on plaintiff's annuity account. All three of these checks, Exhibits # 2, # 3, and # 4, presented to plaintiff by Booker T. Guyton should have been placed in the annuity account of plaintiff and not handed to him personally Plaintiff's annuity account balance including all contributions, disbursements, and accrued interest at 5 75%.

as evidenced from statement on the AMEC Department of Annuity Investments and Insurance website attached as Exhibit # 6, should be $ 81,498.87 per Exhibit # 7, a break down of the contributions to plaintiff's annuity account from the latter part of 1970 when the program began until 2005 plus the accrued interest at 5.75 %.

11.    On September 22, 2005, plaintiff demanded that defendant return the property to him. Defendant refused to return the property to plaintiff.

12.    On October 12, 2005 Jerome V. Harris repudiated the plaintiff's rights in his annuity account with the AMEC Department of Annuity Investments and Insurance. The statute of limitations in this case has been tolled because at all times in which the plaintiff's annuity account was being converted this fact was fraudulently concealed from the plaintiff until August 19, 2005 when the plaintiff learned that his funds in his annuity account were being converted for the personal benefit of Jerome V. Harris, defendant.

13.    The value of plaintiff's annuity account with the AMEC Department of Annuity Investments and Insurance at the time and place of the conversion was $ 81,498.87 for which sum plaintiff sues.

14.    Defendant's conversion of the property, as alleged above, was fraudulent in that defendant concealed the fact that a disbursement was made on the annuity account of plaintiff, Dorsey McCullough, on August 9, 1999 in the name of a deceased individual named David McCullough, and defendant, Jerome Harris, also concealed the fact that contributions and payments on interest were not being made to the annuity account of plaintiff. Accordingly, plaintiff asks that exemplary damages be awarded against the defendant Jerome V. Harris.

15.    On or about July 26, 2005, in the City of Nashville, Tennessee defendant Phillip Robert Cousin Sr. an employee, presiding bishop, of the AMEC Department of Annuity Investments and Insurance unlawfully and without authority assumed dominion and control over plaintiff's property, which is described in Paragraph IX above, to the exclusion of or inconsistent with plaintiff's rights in this property in that Phillip R. Cousin Sr. as the presiding bishop of the AMEC Department of Annuity Investments and Insurance failed to make appropriate contributions to the annuity account of plaintiff, Dorsey McCullough as evidenced by Exhibit # 5 in which defendant, Jerome V. Harris, indicated that plaintiff's annuity account balance was $ 1,518.95 as of March 31, 2005. Defendant's failure to make adequate contributions to the annuity account of plaintiff, Dorsey McCullough, is also evidenced in Exhibits #2 and #3 which were checks given to plaintiff in his hand by defendant Booker T. Guyton. Defendant Guyton informed plaintiff on August 4, 2005 that Exhibit #2, check # 2928 in the amount of $ 650.00, was the annual conference contribution to the annuity account of plaintiff. On August 6, 2005 Defendant Guyton presented plaintiff with Exhibit #3, check # 2934 in the amount of $ 550.00, and informed plaintiff this was his mid year contribution to his annuity account. Finally, on October 19, 2005 defendant Booker T. Guyton presented a check in the amount of $ 53.00, attached as Exhibit # 4, drawn off of the personal account of defendant Guyton to plaintiff as the interest on plaintiff's annuity account. All three of these checks, Exhibits # 2, # 3, and # 5, presented to plaintiff by Booker T. Guyton should have been placed in the annuity account of plaintiff and not handed to him personally. Plaintiff's annuity account balance including all contributions, disbursements, and accrued interest at 5.75%, as evidenced from statement on the AMEC Department of Annuity Investments and Insurance website attached as Exhibit # 6, should be $ 81, 498.87 per Exhibit # 7, a break down of the contributions to plaintiff's annuity account from the latter part of 1970 when the program began until 2005 plus the accrued interest at 5.75%.

16    On September 22, 2005, plaintiff demanded that defendant return the property to him. Defendant refused to return the property to plaintiff.

17.    On October 12, 2005 Phillip R. Cousin Sr. repudiated the plaintiff's rights in his annuity account with the AMEC Department of Annuity Investments and Insurance. The statute of limitations in this case has been tolled because at all times in which the plaintiff's annuity account was being converted this fact was fraudulently concealed from the plaintiff until August 19, 2005 when the plaintiff learned that his funds in his annuity account were being converted for the personal benefit of Phillip R. Cousin Sr., defendant.

18.    The value of plaintiff's annuity account with the AMEC Department of Annuity Investments and Insurance at the time and place of the conversion was $ 81, 498.87 for which sum plaintiff sues.

19.    Defendant's conversion of the property, as alleged above, was fraudulent in that defendant concealed the fact that a disbursement was made on the annuity account of plaintiff, Dorsey McCullough, on August 9, 1999 in the name of a deceased individual named David McCullough, and defendant, Phillip R. Cousin, also concealed the fact that contributions and payments on interest were not being made to the annuity account of plaintiff. Accordingly, plaintiff asks that exemplary damages be awarded against the defendant.

20.    On or about July 26, 2005, in the City of Nashville, Tennessee defendant John R. Bryant an employee of the AMEC as presiding bishop of the Oakland/San Joaquin District unlawfully and without authority assumed dominion and control over plaintiff's property, which is described in Paragraph IX above, to the exclusion of or inconsistent with plaintiff's rights in this property in that John R. Bryant as the presiding bishop of the Oakland/San Joaquin District failed to make appropriate contributions to the annuity account of plaintiff, Dorsey McCullough as evidenced by Exhibit # 5 in which defendant, Jerome V. Harris, indicated that plaintiff's annuity account balance was $ 1,518.95 as of March 31, 2005. Defendant's failure to make adequate contributions to the annuity account of plaintiff, Dorsey McCullough, is also evidenced in Exhibits #2 and #3 which were checks given to plaintiff in his hand by defendant Booker T. Guyton. Defendant Guyton informed plaintiff on August 4, 2005 that Exhibit #2, check # 2928 in the amount of $ 650.00, was the annual conference contribution to the annuity account of plaintiff. On August 6, 2005 Defendant Guyton presented plaintiff with Exhibit #3, check # 2934 in the amount of $ 550.00, and informed plaintiff this was his mid year contribution to his annuity account. Finally, on October 19, 2005 defendant Booker T. Guyton presented a check in the amount of $ 53.00, attached as Exhibit # 4, drawn off of the personal account of defendant Guyton to plaintiff as the interest on plaintiff's annuity account. All three of these checks, Exhibits # 2, # 3, and # 4, presented to plaintiff by Booker T. Guyton should have been placed in the annuity account of plaintiff and not handed to him personally. Plaintiff's annuity account balance including all contributions, disbursements, and accrued interest at 5.75%, as evidenced from statement on the AMEC Department of Annuity Investments and Insurance website attached as Exhibit # 6, should be $ 81, 498.87 per Exhibit # 7, a break down of the contributions to plaintiff's annuity account from the latter part of 1970 when the program began until 2005 plus the accrued interest at 5.75 %.

21.    On September 22, 2005, plaintiff demanded that defendant return the property to him. Defendant refused to return the property to plaintiff.

22. The statute of limitations as it applies to this defendant, John R. Bryant started running once the plaintiff made a request on September 22, 2005 for the return of his funds on his annuity account with the AMEC Department of Annuity Investments and Insurance.

23. The value of plaintiff's annuity account with the AMEC Department of Annuity Investments and Insurance at the time and place of the conversion was $ 81, 498.87 for which sum plaintiff sues.

24. Defendant's conversion of the property, as alleged above, was fraudulent in that defendant concealed the fact that a disbursement was made on the annuity account of plaintiff, Dorsey McCullough, on August 9, 1999 in the name of a deceased individual named David McCullough, and defendant, John R. Bryant, also concealed the fact that contributions and payments on interest were not being made to the annuity account of plaintiff. Accordingly, plaintiff asks that exemplary damages be awarded against the defendant, John R. Bryant.

25. On or about July 26, 2005, in the City of Nashville, Tennessee defendant Booker T. Guyton an employee of the AMEC as presiding elder of the Oakland/San Joaquin District unlawfully and without authority assumed dominion and control over plaintiff's property, which is described in Paragraph IX above, to the exclusion of or inconsistent with plaintiff's rights in this property in that Booker T. Guyton as the presiding elder of the Oakland/San Joaquin District failed to make appropriate contributions to the annuity account of plaintiff, Dorsey McCullough as evidenced by Exhibit # 5 in which defendant, Jerome V. Harris, indicated that plaintiff's annuity account balance was $ 1,518.95 as of March 31, 2005. Defendant's failure to make adequate contributions to the annuity account of plaintiff, Dorsey McCullough, is also evidenced in Exhibits #2 and #3 which were checks given to plaintiff in his hand by defendant Booker T. Guyton. Defendant Guyton informed plaintiff on August 4, 2005 that Exhibit #2, check # 2928 in the amount of $ 650.00, was the annual conference contribution to the annuity account of plaintiff. On August 6, 2005 Defendant Guyton presented plaintiff with Exhibit #3, check # 2934 in the amount of $ 550.00, and informed plaintiff this was his mid year contribution to his annuity account. Finally, on October 19, 2005 defendant Booker T. Guyton presented a check in the amount of $ 53.00, attached as Exhibit # 4, drawn off of the personal account of defendant Guyton to plaintiff as the interest on plaintiff's annuity account. All three of these checks, Exhibits # 2, # 3, and # 4, presented to plaintiff by Booker T. Guyton should have been placed in the annuity account of plaintiff and not handed to him personally. Plaintiff's annuity account balance including all contributions, disbursements, and accrued interest at 5.75%, as evidenced from statement on the AMEC Department of Annuity Investments and Insurance website attached as Exhibit # 6, should be $ 81, 498.87 per Exhibit # 7, a break down of the contributions to plaintiff's annuity account from the latter part of 1970 when the program began until 2005 plus the accrued interest at 5.75 %.

26. On September 22, 2005, plaintiff demanded that defendant return the property to him. Defendant refused to return the property to plaintiff.

27. The statute of limitations as it applies to this defendant, Booker T. Guyton started running once the plaintiff made a request on September 22, 2005 for the return of his funds on his annuity account with the AMEC Department of Annuity Investments and Insurance.

28. The value of plaintiff's annuity account with the AMEC Department of Annuity Investments and Insurance at the time and place of the conversion was $ 81, 498.87 for which sum plaintiff sues.

29. Defendant's conversion of the property, as alleged above, was fraudulent in that defendant concealed the fact that a disbursement was made on the annuity account of plaintiff, Dorsey McCullough, on August 9, 1999 in the name of a deceased individual named David McCullough, and defendant, Booker T. Guyton, also concealed the fact that contributions and payments on interest were not being made to the annuity account of plaintiff. Accordingly, plaintiff asks that exemplary damages be awarded against the defendant, Booker T. Guyton.

30. On August 9, 1999, in the City of Nashville, Tennessee, defendant, American General Insurance Company unlawfully and without authority assumed dominion and control over plaintiff's property, which is described in Paragraph IX, above, to the exclusion of or inconsistent with plaintiff's rights in this property in that 1) an employee of American General Insurance Company authorized the disbursal of American General Insurance Company check # 0001251120 despite the check being issued in a different name and with a different social security number, and 2) Odysseus Clark, an employee of American General Insurance Company, acknowledged that he had viewed a record of the check made out to David McCullough, an individual who had been deceased since 1992, with a different social security number. After this acknowledgement by Mr. Clark he continued an attempt to investigate or locate the American General Insurance Company file for plaintiff, Dorsey McCullough. On August 25, 2005 Mr. Odysseus Clark called the plaintiff and informed him that after looking through the American General Insurance Company file he could not find the request for contributions for American General check number 0001251120.

31. On August 25, 2005 and again on December 9, 2005, plaintiff demanded that defendant return the property to him. Defendant has refused to return the property to plaintiff.

32. On August 25, 2005 American General Insurance Company repudiated the plaintiff's rights in his annuity account. The statute of limitations in this case has been tolled because at all times in which the plaintiff's annuity account funds were being converted this fact was fraudulently concealed from the plaintiff until August 19, 2005 when the plaintiff learned that his funds in his annuity account were being converted for the personal benefit of American General Insurance Company, defendant.

33. The fair market value of the property at the time and place of the conversion was $ 81, 498.87, for which sum plaintiff sues.

34. Defendant's conversion of the property, as alleged above, was fraudulent and/or malicious in that defendant specifically intended to cause substantial injury to plaintiff. Defendant, American General Insurance Company never intended to locate the request for contributions made on the annuity account of plaintiff, Dorsey McCullough. At all times in which the defendant American General Insurance Company was investigating the annuity account and disbursal of the annuity funds belonging to plaintiff they never disclosed all of the facts involved with the disbursal of plaintiff's annuity funds. Accordingly, plaintiff asks that exemplary damages be awarded against the defendant.

## Count III Fraud

35. On or about July 26, 2005, plaintiff, Dorsey McCullough, made an inquiry as to the current balance of his annuity account with the AMEC Department of Annuity Investments and Insurance. He received a response from the executive director of said department Mr. Jerome Harris stating that the account balance on the annuity of plaintiff, Dorsey McCullough, was

$ 1,518 95. Prior to this date plaintiff had entered into an agreement with defendant Jerome Harris in which plaintiff would contribute his annual and mid year conference checks into his personal annuity account established by the AMEC Department of Annuity Investments and Insurance and funded by American General Insurance Companies. At the time in which this agreement was established, defendant Jerome Harris knowingly made false representations as to material facts and knowingly concealed all or part of material information from plaintiff concerning his annuity account with the intent of inducing plaintiff to entrust him with his annual and mid-year conference contributions.

36.     Defendant knowingly made the following representations:

a. Defendant, Jerome Harris, agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source.

b. Defendant Harris represented to plaintiff that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance.

c. Defendant Harris represented to plaintiff that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough.

d. Defendant Harris represented to plaintiff that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account.

Defendant knowingly concealed the following information:

a. Defendant Harris knowingly concealed the fact that a request for contributions had been honored on August 9, 1999 in the amount of $ 20, 642.71 in the name of David McCullough, an individual who had been deceased since 1992, in the c/o Anderson Todd the executive director of the AMEC Department of Annuity Investments and Insurance in 1999

b. Defendant Harris knowingly concealed the fact that he was not contributing the annual and mid-year contributions of the plaintiff, Dorsey McCullough as he contracted to do.

37.     Plaintiff further alleges that each and every one of the representations set forth in the preceding paragraph concerned material facts for the reason that plaintiff would not have entered into an agreement with defendant Jerome Harris had plaintiff known about the falsity of any one of the representations. Each and every one of the representations relied on by plaintiff to plaintiff's substantial injury and damage as described more fully below. In this connection, plaintiff further alleges that the defendant purported to have and did have superior knowledge concerning the subject matter of the transaction described above, and plaintiff justifiably relied on defendant's superior knowledge.

38.     By reason of plaintiff's reliance on defendant's representations and fraudulent concealment of material facts described above, plaintiff has been damaged in an amount within the jurisdictional limits of the Court. In this connection, plaintiff further alleges that the fair market value of the annuity account of plaintiff, Dorsey McCullough, is $ 81, 498.97 for which amount plaintiff hereby sues.

39.     Plaintiff further alleges that because defendant knew that the representations described

above were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, plaintiff will show that he has incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, plaintiff requests that exemplary damages be awarded against the defendant in a sum within the jurisdictional limits of the Court.

40. At the time defendant misrepresented 1) he agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source, 2) that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance, 3) that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough, and 4) that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account, the defendant knew that plaintiff, Dorsey McCullough, intended to eventually retire from his position as a pastor within the African Methodist Episcopal Church and use the funds from his annuity with the AMEC Department of Annuity Investments and Insurance for such purpose. In reliance on the representations made by Defendant Jerome Harris that 1) he agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source, 2) that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance, 3) that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough, and 4) that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account, plaintiff never established another annuity account or retirement account with any other financial institution. Because plaintiff has not received annual, mid-year, and interest on annual and mid-year contributions as represented by defendant, plaintiff's annuity account balance is insufficient for the purposes of retirement. As a result, plaintiff was required to borrow money to cover his living expenses for seven months in the amount of $ 28, 159.59. The cost for living expenses of plaintiff is reasonable.

41. The statute of limitations as applied to defendant Jerome V. Harris was tolled due to the concealment of the fraudulent misrepresentations made by Mr. Harris and the fraudulent concealment of material facts until August 19, 2005.

42. On or about July 26, 2005, plaintiff, Dorsey McCullough, made an inquiry as to the current balance of his annuity account with the AMEC Department of Annuity Investments and Insurance. He received a response from the executive director of said department Mr. Jerome Harris stating that the account balance on the annuity of plaintiff, Dorsey McCullough, was $ 1,518.95. Prior to this date plaintiff had entered into an agreement with defendant Phillip Robert Cousin, presiding bishop of the AMEC Department of Annuity Investments and Insurance, in which plaintiff would contribute his annual and mid year conference checks into his personal annuity account established by the AMEC Department of Annuity Investments and Insurance and funded by American General Insurance Companies. At the time in which this agreement was established, defendant Phillip R. Cousin knowingly made false representations as to material facts and knowingly concealed all or part of material information from plaintiff concerning his annuity account with the intent of inducing plaintiff to entrust him with his annual and mid-year conference contributions.

43. Defendant knowingly made the following representations:

a. Defendant, Phillip Cousin, agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source.

b. Defendant Phillip Cousin represented to plaintiff that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance.

c. Defendant Cousin represented to plaintiff that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough.

d. Defendant Phillip Cousin represented to plaintiff that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account.

Defendant knowingly concealed the following information:

a. Defendant Phillip Cousin knowingly concealed the fact that a request for contributions had been honored on August 9, 1999 in the amount of $ 20, 642.71 in the name of David McCullough, an individual who had been deceased since 1992, in the c/o Anderson Todd the executive director of the AMEC Department of Annuity Investments and Insurance in 1999.

b. Defendant Phillip Cousin knowingly concealed the fact that he was not contributing the annual and mid-year contributions of the plaintiff, Dorsey McCullough as he contracted to do.

44.     Plaintiff further alleges that each and every one of the representations set forth in the preceding paragraph concerned material facts for the reason that plaintiff would not have entered into an agreement with defendant Phillip Cousin had plaintiff known about the falsity of any one of the representations. Each and every one of the representations relied on by plaintiff to plaintiff's substantial injury and damage as described more fully below. In this connection, plaintiff further alleges that the defendant purported to have and did have superior knowledge concerning the subject matter of the transaction described above, and plaintiff justifiably relied on defendant's superior knowledge.

45.     By reason of plaintiff's reliance on defendant's representations and fraudulent concealment of material facts described above, plaintiff has been damaged in an amount within the jurisdictional limits of the Court. In this connection, plaintiff further alleges that the fair market value of the annuity account of plaintiff, Dorsey McCullough, is $ 81, 498.97 for which amount plaintiff hereby sues.

46.     Plaintiff further alleges that because defendant knew that the representations described above were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, plaintiff will show that he has incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, plaintiff requests that exemplary damages be awarded against the defendant in a sum within the jurisdictional limits of the Court.

47.     At the time defendant misrepresented 1) he agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source, 2) that such annuity account would be monitored by himself and the AMEC Department

of Annuity Investments and Insurance, 3) that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough, and 4) that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account, the defendant knew that plaintiff, Dorsey McCullough, intended to eventually retire from his position as a pastor within the African Methodist Episcopal Church and use the funds from his annuity with the AMEC Department of Annuity Investments and Insurance for such purpose. In reliance on the representations made by Defendant Phillip Cousin that 1) he agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source, 2) that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance, 3) that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough, and 4) that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account, plaintiff never established another annuity account or retirement account with any other financial institution. Because plaintiff has not received annual, mid-year, and interest on annual and mid-year contributions as represented by defendant, plaintiff's annuity account balance is insufficient for the purposes of retirement. As a result, plaintiff was required to borrow money to cover his living expenses for seven months in the amount of $ 28, 159.59. The cost for living expenses of plaintiff is reasonable.

48.     The statute of limitations as applied to defendant Phillip Cousin was tolled due to the concealment of the fraudulent misrepresentations made by Mr. Cousin and the fraudulent concealment of material facts until August 19, 2005.

49.     On or about July 26, 2005, plaintiff, Dorsey McCullough, made an inquiry as to the current balance of his annuity account with the AMEC Department of Annuity Investments and Insurance. He received a response from the executive director of said department Mr. Jerome Harris stating that the account balance on the annuity of plaintiff, Dorsey McCullough, was $ 1,518.95. Prior to this date plaintiff had entered into an agreement with defendant John R. Bryant, Presiding bishop of Oakland/ San Joaquin district, in which plaintiff would contribute his annual and mid year conference checks into his personal annuity account established by the AMEC Department of Annuity Investments and Insurance and funded by American General Insurance Companies. At the time in which this agreement was established, defendant John R. Bryant knowingly made false representations as to material facts and knowingly concealed all or part of material information from plaintiff concerning his annuity account with the intent of inducing plaintiff to entrust him with his annual and mid-year conference contributions.

50.     Defendant knowingly made the following representations:

a. Defendant, John Bryant, agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source.

b. Defendant John Bryant represented to plaintiff that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance.

c. Defendant Bryant represented to plaintiff that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough.

d. Defendant John Bryant represented to plaintiff that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account.

Defendant knowingly concealed the following information:

a. Defendant John Bryant knowingly concealed the fact that a request for contributions had been honored on August 9, 1999 in the amount of $ 20, 642.71 in the name of David McCullough, an individual who had been deceased since 1992, in the c/o Anderson Todd the executive director of the AMEC Department of Annuity Investments and Insurance in 1999.

b. Defendant John Bryant knowingly concealed the fact that he was not contributing the annual and mid-year contributions of the plaintiff, Dorsey McCullough as he contracted to do.

51.     Plaintiff further alleges that each and every one of the representations set forth in the preceding paragraph concerned material facts for the reason that plaintiff would not have entered into an agreement with defendant John R. Bryant had plaintiff known about the falsity of any one of the representations. Each and every one of the representations relied on by plaintiff to plaintiff's substantial injury and damage as described more fully below. In this connection, plaintiff further alleges that the defendant purported to have and did have superior knowledge concerning the subject matter of the transaction described above, and plaintiff justifiably relied on defendant's superior knowledge.

52.     By reason of plaintiff's reliance on defendant's representations and fraudulent concealment of material facts described above, plaintiff has been damaged in an amount within the jurisdictional limits of the Court. In this connection, plaintiff further alleges that the fair market value of the annuity account of plaintiff, Dorsey McCullough, is $ 81, 498.97 for which amount plaintiff hereby sues.

53.     Plaintiff further alleges that because defendant knew that the representations described above were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, plaintiff will show that he has incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, plaintiff requests that exemplary damages be awarded against the defendant in a sum within the jurisdictional limits of the Court.

54.     At the time defendant misrepresented 1) he agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source, 2) that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance, 3) that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough, and 4) that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account, the defendant knew that plaintiff, Dorsey McCullough, intended to eventually retire from his position as a pastor within the African Methodist Episcopal Church and use the funds from his annuity with the AMEC Department of Annuity Investments and Insurance for such purpose. In reliance on the representations made by Defendant John R. Bryant that 1) he agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source, 2) that such annuity account would be monitored by himself and the AMEC Department

of Annuity Investments and Insurance, 3) that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough, and 4) that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account, plaintiff never established another annuity account or retirement account with any other financial institution. Because plaintiff has not received annual, mid-year, and interest on annual and mid-year contributions as represented by defendant, plaintiff's annuity account balance is insufficient for the purposes of retirement. As a result, plaintiff was required to borrow money to cover his living expenses for seven months in the amount of $ 28, 159.59. The cost for living expenses of plaintiff is reasonable.

55.     The statute of limitations as applied to defendant John R. Bryant was tolled due to the concealment of the fraudulent misrepresentations made by Mr. Bryant and the fraudulent concealment of material facts until August 19, 2005.

56.     On or about July 26, 2005, plaintiff, Dorsey McCullough, made an inquiry as to the current balance of his annuity account with the AMEC Department of Annuity Investments and Insurance. He received a response from the executive director of said department Mr. Jerome Harris stating that the account balance on the annuity of plaintiff, Dorsey McCullough, was $ 1,518.95. Prior to this date plaintiff had entered into an agreement with defendant Booker T. Guyton, Presiding elder of Oakland/ San Joaquin district, in which plaintiff would contribute his annual and mid year conference checks into his personal annuity account established by the AMEC Department of Annuity Investments and Insurance and funded by American General Insurance Companies. At the time in which this agreement was established, defendant Booker T. Guyton knowingly made false representations as to material facts and knowingly concealed all or part of material information from plaintiff concerning his annuity account with the intent of inducing plaintiff to entrust him with his annual and mid-year conference contributions.

57.     Defendant knowingly made the following representations:

a. Defendant, Booker T. Guyton, agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source.

b. Defendant Booker T. Guyton represented to plaintiff that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance.

c. Defendant Guyton represented to plaintiff that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough.

d. Defendant Booker T. Guyton represented to plaintiff that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account.

Defendant knowingly concealed the following information:

a. Defendant Booker T. Guyton knowingly concealed the fact that a request for contributions had been honored on August 9, 1999 in the amount of $ 20, 642.71 in the name of David McCullough, an individual who had been deceased since 1992, in the c/o Anderson Todd the executive director of the AMEC Department of Annuity Investments and Insurance in 1999.

b. Defendant Booker T. Guyton knowingly concealed the fact that he was not contributing the annual and mid-year contributions of the plaintiff, Dorsey McCullough as he contracted to do.

58. Plaintiff further alleges that each and every one of the representations set forth in the preceding paragraph concerned material facts for the reason that plaintiff would not have entered into an agreement with defendant Booker T. Guyton had plaintiff known about the falsity of any one of the representations. Each and every one of the representations relied on by plaintiff to plaintiff's substantial injury and damage as described more fully below. In this connection, plaintiff further alleges that the defendant purported to have and did have superior knowledge concerning the subject matter of the transaction described above, and plaintiff justifiably relied on defendant's superior knowledge.

59. By reason of plaintiff's reliance on defendant's representations and fraudulent concealment of material facts described above, plaintiff has been damaged in an amount within the jurisdictional limits of the Court. In this connection, plaintiff further alleges that the fair market value of the annuity account of plaintiff, Dorsey McCullough, is $ 81, 498.97 for which amount plaintiff hereby sues.

60. Plaintiff further alleges that because defendant knew that the representations described above were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, plaintiff will show that he has incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, plaintiff requests that exemplary damages be awarded against the defendant in a sum within the jurisdictional limits of the Court.

61. At the time defendant misrepresented 1) he agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source, 2) that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance, 3) that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough, and 4) that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account, the defendant knew that plaintiff, Dorsey McCullough, intended to eventually retire from his position as a pastor within the African Methodist Episcopal Church and use the funds from his annuity with the AMEC Department of Annuity Investments and Insurance for such purpose. In reliance on the representations made by Defendant Booker T. Guyton that 1) he agreed to place the annual and mid-year contributions of plaintiff, Dorsey McCullough, into an annuity account with the AMEC Department of Annuity Investments and Insurance and to have such account funded by an outside source, 2) that such annuity account would be monitored by himself and the AMEC Department of Annuity Investments and Insurance, 3) that he would keep adequate records of the contributions, paid interest on contributions, and disbursements made on the annuity account of plaintiff, Dorsey McCullough, and 4) that he would keep plaintiff well informed of the balance on his annuity account and all transactions involving his annuity account, plaintiff never established another annuity account or retirement account with any other financial institution. Because plaintiff has not received annual, mid-year, and interest on annual and mid-year contributions as represented by defendant, plaintiff's annuity account balance is insufficient for the purposes of retirement. As a result, plaintiff was required to borrow money to cover his living expenses for seven months in the amount of $ 28, 159.59. The cost for living expenses of plaintiff is reasonable.

62     The statute of limitations as applied to defendant Booker T. Guyton was tolled due to the concealment of the fraudulent misrepresentations made by Mr. Guyton and the fraudulent concealment of material facts until August 19, 2005.

63     On or about August 16, 2005, plaintiff, Dorsey McCullough, contacted the office of American General Insurance in an effort to determine what happened to the annuity funds he had with the AMEC Department of Annuity Investments and Insurance. Upon speaking with Mrs. Woolridge, an employee of American General Insurance Company, plaintiff, Dorsey McCullough, was informed that his annuity funds had been disbursed to David McCullough in 1999. After learning of this information the plaintiff, Dorsey McCullough, again spoke with Mrs. Woolridge, and he was referred to Odysseus Clark, another employee of American General Insurance Company, at which point he requested a copy of the Request for Contributions upon which the disbursal of his annuity funds were made. At the time in which plaintiff inquired about his annuity account funds, Mary Woolridge and Odysseus Clark knowingly made false representations as to material facts concerning the Request for Contributions and knowingly concealed all or part of material information from plaintiff with the intent of inducing plaintiff to not seek a grievance or file a complaint due to the actions of American General Insurance Companies.

64.     Defendant knowingly made the following representations;

     a. That they would assist the plaintiff in locating the request for contributions upon which American General Insurance Company check number 0001251120 (attached as exhibit # 1) was disbursed.

     b. That they did not have an idea as to the location of the paperwork or Request for Contributions concerning the disbursal of the plaintiff's annuity account funds.

     c. That American General Insurance Companies would fund the annuity account of plaintiff, Dorsey McCullough, at a rate of 5.75%.

     Defendant knowingly concealed the following information;

     a.     That the record or file of plaintiff, Dorsey McCullough, did not include a completed Request for Contributions.

     b.     That an employee of American General Insurance had disbursed the annuity funds of plaintiff without a completed Request for Contributions or a Request for contributions completed by someone other than plaintiff.

65.     Plaintiff further alleges that each and every one of the representations set forth in the preceding paragraph concerned material facts for the reason that plaintiff would not have enrolled into the AMEC annuity program had he known of the false representations made by defendant. Each and every one of the representations was relied on by plaintiff to plaintiff's substantial injury and damage as described more fully below. In this connection, plaintiff further alleges that the defendant purported to have and did have superior knowledge concerning the subject matter of the transaction described above, and plaintiff justifiably relied on defendant's superior knowledge.

66.     By reason of plaintiff's reliance on defendant's representations and fraudulent concealment of material facts described above, plaintiff has been damaged in an amount within

the jurisdictional limits of the Court. In this connection, plaintiff further alleges that the fair market value of the annuity account of plaintiff, Dorsey McCullough, is $ 81, 498.97 for which amount plaintiff hereby sues.

67. Plaintiff further alleges that because defendant knew that the representations described above were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, plaintiff will show that he has incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, plaintiff requests that exemplary damages be awarded against the defendant in a sum within the jurisdictional limits of the Court.

68. At the time defendant misrepresented, 1) that they would assist the plaintiff in locating the request for contributions upon which American General Insurance Company check number 0001251120 (attached as exhibit # 1) was disbursed, 2) that they did not have an idea as to the location of the paperwork or Request for Contributions concerning the disbursal of the plaintiff's annuity account funds, 3) that American General Insurance Companies would fund the annuity account of plaintiff, Dorsey McCullough, at a rate of 5.75%. The defendant knew that the plaintiff, Dorsey McCullough, had planned to retire from his position as a pastor with the AMEC as a pastor and use the funds from his annuity account with the AMEC Department of Annuity Investments and Insurance to fulfill such purpose. In reliance on the representation that the plaintiff would have his annuity account plus 5.75 % accrued interest contributions added periodically the plaintiff never established an annuity account with another financial institution. Because plaintiff has not received the payment of his annuity account funds or the interest on annual and mid-year contributions as represented by defendant, plaintiff's annuity account balance is insufficient for the purposes of retirement. As a result, plaintiff was required to borrow money to cover his living expenses for seven months in the amount of $ 28, 159.59. The cost for living expenses of plaintiff is reasonable.

69. The statute of limitations as applied to defendant American General Insurance Company was tolled due to the concealment of the fraudulent misrepresentations made by American General Insurance Company and the fraudulent concealment of material facts until August 19, 2005.

### Count IV Breach of Contract

70. The Plaintiff, Dorsey McCullough, and the defendants, Jerome V. Harris, Phillip Robert Cousin Sr., John R. Bryant, Booker T. Guyton, and African Methodist Episcopal Church, AMEC, Department of Annuity Investments and Insurance have, as established by their conduct, agreed that Plaintiff, Dorsey McCullough would provide services for the African Methodist Episcopal Church, AMEC, as a pastor and in return for his services he would have a sum amount placed into an annuity account for his benefit in two separate increments per year for the duration of the time in which plaintiff served the AMEC to be funded by an outside financial agency. This agreement was created when Plaintiff, Dorsey McCullough, enrolled into the annuity account of the AMEC Department of Annuity Investments and Insurance in the latter part of 1970 to create a retirement account for him. From the time covering 1971 through 2005 plaintiff was to have contributions made to his annuity account with the AMEC as promised by the defendants, Jerome V. Harris, Phillip Robert Cousin Sr., John R. Bryant, Booker T. Guyton, and African Methodist Episcopal Church, AMEC, Department of Annuity Investments and Insurance. On July 26, 2005 Plaintiff inquired about his annuity account balance and was informed that defendants had not placed his annual and mid-year contributions into his annuity account with the AMEC, Department of Annuity Investments and Insurance as promised. Plaintiff detrimentally relied

upon the promise of defendants as evidenced by his thirty-five years of service with the AMEC; if plaintiff had known that defendants were not going to uphold their part of this agreement then he could have sought a similar position with another denominational church that could have provided these services.

71. All conditions precedent to the contract has been performed or has occurred.

72. The plaintiff, Dorsey McCullough, has fully performed his obligations under the contract. In particular, the plaintiff has given the African Methodist Episcopal Church, AMEC, thirty-five years of service as a pastor despite considering other denominations on several occasions due to the fact that he was mistreated and overlooked for promotions within the African Methodist Episcopal Church. Plaintiff also agreed to the placement of his annual and mid-year contributions into his annuity account over a period of thirty-five years.

73. The defendants breached the contract described in Paragraph 70 when the defendants failed to place the annual and mid-year contributions of plaintiff into his annuity account with the AMEC Department of Annuity Investments and Insurance as agreed.

74. As a result of the defendant's breach of contract, as set out in the preceding paragraphs of this petition, the plaintiff has sustained financial harm and has lost the benefits expected to be received from the contract if the defendant had performed as promised. In this connection, the plaintiff will show that in calculating his annual and mid-year contributions plus interest at 5.75 % over thirty-five years his annuity account balance should be $ 81,498.97.

75. On September 22, 2005, the plaintiff presented a claim for the amounts due for the plaintiff's performance under the contract and demanded payment from the defendant. Because the defendant has refused to honor the claim and pay the just amount due as promised, the plaintiff asks for judgment against the defendant for damages.

76. As a result of the breach by defendants Plaintiff has incurred special damages in the amount of $ 28,159.59 for his living expenses for the months of November thru May.

77. The plaintiff is entitled to recover the sum of $ 7,500.00 as reasonable attorney's fees because this is a claim on an implied contract. The plaintiff perfected its right to fees under this statute in that the plaintiff presented a claim for payment on the contract to the defendant. The claim was made by means of a letter mailed to the defendant on September 22, 2005. More than 30 days have elapsed since the defendant received the letter, and payment for the amount owed has not been tendered by the defendant.

78. As a result, the plaintiff has been required to retain the services of counsel to prosecute this action. The sum of $ 7,500.00 is a reasonable sum for the prosecution of this action to judgment. In the event of an appeal to the court of appeals, a further sum of $ 15,000.00 would be due as a reasonable attorney's fee. In the event of a further appeal to the Supreme Court, a further sum of $ 30,000.00 would be due as a reasonable attorney's fee.

## Count V.Respondeat Superior

79. Defendant American General Insurance Company is liable for the damages proximately caused to plaintiff, Dorsey McCullough, by the conduct of Odysseus Clark, Mary Woolridge, and an unknown or unnamed employee in that Defendant American General Insurance Company was the employer of Odysseus Clark and Mary Woolridge on the dates that defendants Odysseus

Clark, Mary Woolridge, and the unknown or unnamed employee injured the plaintiff, as alleged above, and Odysseus Clark, Mary Woolridge, and the unknown or unnamed employee were acting within the course and scope of their employment when that occurred.

80. Defendant African Methodist Episcopal Church, AMEC, is liable for the damages proximately caused to plaintiff, Dorsey McCullough, by the conduct of Jerome V. Harris, Phillip R. Cousin, John R. Bryant, and Booker T. Guyton, in that defendant African Methodist Episcopal Church was the employer of Jerome V. Harris, Phillip R. Cousin, John R. Bryant, and Booker T. Guyton on the dates that Jerome V. Harris, Phillip R. Cousin, John R. Bryant, and Booker T. Guyton injured plaintiff, Dorsey McCullough, as alleged above, and defendants Jerome V. Harris, Phillip R. Cousin, John R. Bryant, and Booker T. Guyton were acting within the course and scope of their employment when that injury occurred.

IV.

### Damages

81. Plaintiff request actual damages in an amount of $ 81,498.97 as the damages incurred by plaintiff due to the actions of defendants.

82. The conduct of defendants described in this petition was malicious and fraudulent so as to entitle plaintiff to recover exemplary damages. In this connection, plaintiff will show that as a result of defendants' conduct, plaintiff has suffered losses of time and other expenses, including attorney's fees incurred in the investigation and prosecution of this action. Accordingly, plaintiff asks that exemplary damages be awarded against the defendants in a sum within the jurisdictional limits of the Court.

83. Plaintiff requests special damages in an amount of $ 28,159.59 for money that had to be borrowed for living expenses for the months of November thru May.

84. Plaintiff requests the sum of $ 7,500.00 as reasonable attorney's fees because this is a claim on an implied contract.

V.

### Prayer for Relief

For the reasons stated, plaintiff requests that defendants be cited to appear and answer, and that on final trial, plaintiff has the following:

1. Judgment against defendants, jointly and severally, for $ 5,117,158.56 a sum within the jurisdictional limits of the Court.

2. General damages in the sum of $ 81,498.97 or a sum within the jurisdictional limits of the court.

3. Special damages for living expenses in the sum of $ 28,159.59 or a sum within the jurisdictional limits of the court.

4. Prejudgment interest as provided by law.

5. Attorney's fees.

6. Awards of exemplary damages against each defendant in a sum determined by the trier of fact.

7. Postjudgment interest as provided by law.

8 Costs of suit.

9. Such other and further relief to which plaintiff may be justly entitled.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

Brock White
The Law Offices of Brock A. White
801 Congress Street, Suite 350
Phone: (713) 225-0240
Fax:     (713) 224-3111
TSBN: 24043989
SDTN: 575565
Attorney for Plaintiff