# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| DORSEY W. McCULLOUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 3:06cv0732 |
| | ) |
| AMERICAN GENERAL INSURANCE, | )  Judge Thomas A. Wiseman, Jr. |
| AFRICAN METHODIST EPISCOPAL | ) |
| CHURH, INC., JOHN R. BRYANT, | ) |
| JEROME V. HARRIS and BOOKER T. GUYTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Dorsey W. McCullough, in his Second Amended Complaint, seeks to recover damages associated with the mishandling of his employee pension plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff alleges the ERISA-protected plan in which he is enrolled was created by Defendant African Methodist Episcopal Church, Inc. ("AMEC") and funded by Defendant American General Life Insurance Company[1] ("American General"). In addition to the claim asserted under ERISA, Plaintiff also includes causes of action under state common law for negligence, conversion, fraud and breach of contract.[2]

Now before the Court is a motion to dismiss (Doc. No. 87) filed by Defendants AMEC, Jerome V. Harris, and Booker T. Guyton,[3] purportedly under Rule 12(b)(6), seeking dismissal of Plaintiff's state

---

[1] Defendant American General Life Insurance Company ("American General") is incorrectly named in the Second Amended Complaint as "American General Insurance."

[2] Plaintiff also asserts a claim for damages under a theory of *respondeat superior*, in which he simply asserts that defendants American General and AMEC are liable for the damages caused by their respective employees committed while the employees were acting within the course and scope of their employment. (Doc. No. 57, at ¶¶ 70 & 71.) *Respondeat superior* is a theory of recovery, not an actual cause of action.

[3] In his original and first amended Complaints, Plaintiff also named Phillip Robert Cousin, Sr. and John R. Bryant as defendants. After the filing of the first amended complaint, Magistrate Judge Joe Brown recommended that the complaint as to those two defendants be dismissed without prejudice for failure to obtain service of process. (Doc. Nos. 49 & 50, entered 12/22/2006.) Plaintiff omitted reference to Phillip Robert Cousin, Sr. in his Second Amended Complaint but continued to include claims against John R. Bryant (Doc. No. 57, filed 1/18/2007). On January 23, 2007, this Court entered an Order

common-law claims on the basis that they are preempted by his ERISA claim. The Court previously granted American General's motion to join in the other defendants' motion to dismiss, such that the motion is deemed to have been brought by all remaining defendants in this matter.

For the reasons explained herein, the Court finds that the Defendants' motion is meritorious and should be granted.

## I.        STANDARD OF REVIEW

Motions under Rule 12(b)(6) are to be brought by a defendant "before pleading," that is, before filing an answer to the complaint. *See* Fed. R. Civ. P. 12(b)(6) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."). Moreover, Rule 12(b)(6) is generally concerned with the technical sufficiency of the allegations in the complaint: It asks the Court to consider whether, under any reasonable construction of the facts as pleaded, there is a recognized legal basis for granting the plaintiff the relief sought, without reference to the merits of the claim? On the other hand, motions brought under Rule 12(c) cannot be filed until "[a]fter the pleadings are closed," and Rule 12(c) is concerned with the merits; such a motion asks whether, accepting the truth of the allegations and assuming *arguendo* that the plaintiff has stated a technically valid claim, the defendant nevertheless entitled to judgment on the merits. *See Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F.Supp.2d 942, 947 (S.D. Ohio 2003) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1367, 1368 & 1369 (2d ed.1990)).

Here, the defendants have already answered the Second Amended Complaint *and* the motion is directed to the merits of the state law claims, so their motion would more properly have been brought under Rule 12(c). "Still and all, the standard for reviewing Rule 12(c) motions is often identical to that used for reviewing Rule 12(b)(6) motions. . . .  Moreover, the Sixth Circuit has held that 'where the substance of the motion is plain,' it is proper to treat a motion styled as one under Rule 12(b)(6) as if it were brought under Rule 12(c)." *Reed Elsevier*, 269 F. Supp. 2d at 947–48 (quoting *Wagner v. Higgins*, 754 F.2d 186, 188 (6th Cir. 1984); other citations omitted). The Court will therefore consider the defendants' motion as having been brought under Rule 12(c).

---

adopting Judge Brown's Report and Recommendation and dismissing the claims against both Bryant and Cousin.

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A motion for judgment on the pleadings is determined under the same standard of review as a motion to dismiss under Rule 12(b)(6). *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Under either rule, a motion to dismiss requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); see also *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001) (noting that the same standard applied to Rule 12(b)(6) motions also applied to Rule 12(c) motions). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations, as the Court may neither weigh evidence nor evaluate the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his original complaint in this action on July 27, 2006 alleging various common law causes of action all relating to the treatment of the funds in his annuity retirement account with AMEC, by which he had been employed for thirty-five years before retiring. Plaintiff alleged that jurisdiction in this Court was proper under 28 U.S.C. § 1332, which provides for jurisdiction in the district courts where there is complete diversity of citizenship among the parties and the amount in controversy meets or exceeds $75,000. Plaintiff did not allege complete diversity of citizenship, however; he alleged that he himself was

a resident of the state of California and that two of the defendants, John R. Bryant and Booker T. Guyton, were likewise residents of California. In an apparent attempt to avoid the consequences of this lack of complete diversity of citizenship, Plaintiff stated in the jurisdictional paragraph of his complaint that "[j]urisdiction over defendants John R. Bryant and Booker T. Guyton is ancillary to this case." (Complaint, Doc. No. 1, at ¶ 2.) Before any defendants had answered or otherwise responded to the initial pleading, Plaintiff amended his complaint as matter of course on September 30, 2006 (Doc. No. 12), without correcting this apparent jurisdictional defect. Defendant AMEC filed a motion to dismiss based upon lack of subject-matter jurisdiction on November 17, 2006 (Doc. No. 29), in which the other defendants later joined.

In response, Plaintiff filed a motion to amend his complaint in order to assert an ERISA claim and to premise the Court's jurisdiction on the presence of a federal question, with supplemental jurisdiction over the state law claims. The motion to amend was granted without opposition, and the defendants' motion to dismiss on the basis of lack of subject-matter jurisdiction was terminated as moot on May 1, 2007 (Doc. No. 76). Defendants filed their answers to the Second Amended Complaint on February 16, 2007 and February 19, 2007 (Doc. Nos. 65 & 68.) Defendants subsequently brought their motion to dismiss Plaintiff's common-law claims on the basis that they are completely pre-empted by ERISA.

In his response opposing said motion, Plaintiff asserts only that in order to establish preemption, the defendants must show that the state causes of action fall within the scope of ERISA § 502(a) because they relate to an employee benefit plan. Plaintiff asserts that his state-law causes of action "do not specifically relate to [ERISA]." (Doc. No. 93, at 2.) Plaintiff further asserts that he "is of the opinion that the state law claims of negligence, breach of contract, conversion, fraud, and Respondeat Superior do not relate to [ERISA]." (Doc. No. 93, at 3.) As discussed below, the Court finds that Plaintiff's opinion in that regard is not supported by the factual allegations in his Second Amended Complaint.

## III. DISCUSSION

The statutory basis for ERISA preemption is found in 29 U.S.C. § 1144(a), which states that "the provisions of this . . . chapter shall supersede any and all State laws insofar as they relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a) (1999). The term "State law" is defined in 29 U.S.C. § 1144(c)(1) as "all laws, decisions, rules, regulations, or other State action having the effect

of law." *Id.* § 1144(c)(1). Thus, the issue before the Court is whether Plaintiff's state-law causes of action for negligence, fraud, conversion and breach of contract "relate to" an ERISA-governed deferred compensation plan to such an extent that they are preempted.

The United States Supreme Court has held that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983). The phrase "relates to" was intended by Congress to be applied in its broadest sense in order to ensure that federal authority solely governed the field of employee benefits. *Id.* at 98, 99. This broad application of "relates to" includes all claims under state law, "whether or not they were so designed or intended." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). The fundamental question in ERISA preemption analysis is "whether the state law has an impermissible effect on a covered plan." *Thiokol Corp. v. Roberts*, 76 F.3d 751, 758 (6th Cir. 1996). Despite its expansive application, however, ERISA has been held not to preempt "state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral." *Cromwell*, 944 F.2d at 1276.

In his Second Amended Complaint, Plaintiff alleges that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, because Plaintiff "seeks to recover damages arising out of a determination regarding benefits under a plan regulated by [ERISA]." (Doc. No. 57, at ¶ 2.) Under the "Facts" section of his complaint, Plaintiff alleges that his claims arise out of the alleged mishandling of his retirement annuity account with AMEC. (Doc. No. 57, at ¶ 4.) Plaintiff's negligence claim against Jerome V. Harris is premised upon the allegation that Harris as "executive director of the AMEC Department of Annuity Investments and Insurance owed a legal duty to plaintiff to exercise reasonable care in the maintenance of [Plaintiff's] [ERISA-protected] annuity account." (Doc. No. 57, at ¶ 5.) The negligence claim against Booker T. Guyton as presiding elder of the Oakland/San Joaquin District is likewise premised on the allegation that Guyton "owed a duty to plaintiff of reasonable care in monitoring the maintenance of the annuity account of plaintiff." (Doc. No. 57, at ¶ 7.) The claim against AMEC is based on *respondeat superior*, as Harris and Guyton were apparently both employed by AMEC. Plaintiff alleges that American General owed a legal duty to Plaintiff to "[e]xercise reasonable care in the disbursal of annuity funds, and . . . in the maintenance of adequate records of all disbursements and transactions of annuitant funds."

(Doc. No. 57, at ¶ 8.)  Based solely on the allegations in the Second Amended Complaint, it is patently clear that Plaintiff's negligence cause of action is closely related to and in fact inseparable from his ERISA-based claim and that the negligence claim is therefore preempted by ERISA.

With respect to his conversion claim, Plaintiff asserts that as of July 26, 2005, he had "an immediate right to the possession of the funds from his annuity account with the AMEC Department of Annuity Investments and Insurance in that plaintiff was an annuitant at that time with the right to request the disbursal of funds from his personal annuity account."  (Doc. No. 57, at ¶ 9.)  He further alleges that the defendants failed to return the property to him upon his demand, mishandled the ERISA-protected annuity account by failing to make the appropriate contributions to it, and fraudulently converted funds from the account to their own personal benefit.  (Doc. No. 57, at ¶¶ 10–29.)  This claim too is closely related to Plaintiff's ERISA-based claim and is therefore preempted by ERISA.

Plaintiff's fraud claim is premised upon the exact same set of facts that support his negligence and conversion claims – and his ERISA claim.  The alleged fraudulent misrepresentations as set forth in the Second Amended Complaint all concern the alleged mishandling of Plaintiff's ERISA-protected retirement account, such that the fraud claim is also preempted by ERISA.  (*See* Doc. No. 57, at ¶¶ 30–57.)  Similarly, Plaintiff's cause of action for breach of contract is based upon allegations that the defendants failed to comply with their contractual obligations to contribute to and maintain Plaintiff's ERISA retirement account.  That claim too is preempted.

## IV.    CONCLUSION

The Court's finding that preemption applies to all of Plaintiff's common-law claims is buttressed by the fact that, while Plaintiff includes lengthy factual recitations in connection with each of his state law causes of action, he alleges no facts specifically in connection with his ERISA claim.  (*See* Doc. No. 57, at ¶ 67 (simply incorporating facts set forth elsewhere in the complaint).  Rather, the facts asserted in support of his other claims establish the grounds for the ERISA-based claim.  In other words, the state-law claims, however designated, are in effect different facets of Plaintiff's ERISA claim.  *Cf. Cromwell*, 944 F.2d at 1276 ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.").).  Consequently, the Court finds that Plaintiff's causes of action based on state law all relate to Plaintiff's ERISA-governed

deferred compensation plan to such an extent that they are preempted. Defendants' motion to dismiss Plaintiff's state law claims will therefore be granted.

      An appropriate order will enter.

                                                     Thomas A. Wiseman, Jr.
                                                    Senior U.S. District Judge